■ In the Matter of S.S. BALLIN AGENCY, INC., et al., Petitioners, v NEIL D. LEVIN, as Superintendent of Insurance, Respondent. [755 NYS2d 374] —Determination of respondent Superintendent of Insurance, dated May 2, 2000, which directed revocation of all licenses issued to petitioners S.S. Ballin Agency, Inc., C.P. Portes Associates, Inc., and Carlos P. Portes, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to so-ordered stipulation, Supreme Court, New York County [James Yates, J.], entered March 29, 2001), dismissed, without costs.

Any abuses of discretion by the Hearing Officer in denying petitioners' original adjournment requests were ameliorated by the Superintendent's determination that the hearing be

reopened. Petitioners' bare allegations of bias on the part of the Hearing Officer afford no ground for relief from the challenged determination, which is more than adequately explained by the overwhelming evidence supporting the charges of untrustworthiness against petitioners (*see Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197). We note in particular that the record amply establishes that petitioner Carlos P. Portes, in completing a relicensing application in September 1998, falsely represented that the licensee had not been charged with money or transactional irregularities by an insurer; a Broome County action by an insurer against the licensee alleging precisely such irregularities was commenced by order to show cause in July 1998, and the evidence demonstrated that Portes owed the insurer premium moneys for May, June and July 1998.

Finally, apart from the conclusory allegation in the petition, the record is bereft of any indication that Portes or his entities were unaware of the legal strategy employed by their counsel. Indeed, in view of the overwhelming evidence against them, it appears that a course of delay and circumvention was the strategy adopted.

We have considered petitioners' remaining arguments and find them unavailing. Concur—Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.